IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| THE KROGER CO. | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION No. 3:26-cv-00063 |
| | § | **JURY** |
| TEXAS RENDEZVOUS, LP | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFF THE KROGER CO.'S THIRD AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Plaintiff The Kroger Co., and files this, its Second Amended Complaint, complaining of and against Defendant Texas Rendezvous, LP, in support of this Amended Complaint, Plaintiff would respectfully show this Honorable Court as follows:

## A.
## PARTIES

1. Plaintiff **The Kroger Co**. (also referred to as "Kroger") at the time this action was commenced, was, and still is, a corporation formed under the laws of Ohio and headquartered in Ohio. Kroger's principal place of business is located at 1014 Vine Street, Cincinnati, Ohio 45202. Accordingly, Plaintiff Kroger is deemed to be a citizen of the State of Ohio. 28 U.S.C. § 1332(c)(1).

2. Defendant **Texas Rendezvous, LP** (also referred to as "Rendezvous") has appeared. The Defendant is a Domestic Limited Partnership organized under the laws of the State of Texas. The business registration for the Limited Partnership was filed on July 31, 2006, and is currently listed as "In Existence" with the Texas Secretary of State. The official file number for this entity is 0800687756. The principal office, listed by the Texas Secretary of State, is 5706 E Mockingbird Ln Ste 115 #338 Dallas, TX 75206.

3. In accordance with this Court's Order entered on March 3, 2026 [Doc. 6], Plaintiff identified **Quattro Angoli, LLC** as the General Partner and only partner for Texas Rendezvous, LP. The principal business addresses for Quattro Angoli, LLC is 815 Brazos St., Ste. 500, Austin, TX 78701-2509 and 955 Prague Street, San Francisco, CA 94112. It is registered in Texas as a Texas domestic limited liability company with the Texas Secretary of State file number 0803557821. Quattro Angoli, LLC has not, and is not, being named as a Defendant in this Complaint.

4. In accordance with this Court's Order entered on March 3, 2026 [Doc. 6], Plaintiff identified the sole principal for Quattro Angoli, LLC as an individual by the name of **Giampaolo Boschetti**. He is the Managing Manager with an address 955 Prague Street, San Francisco, CA 94112. Giampaolo Boschetti has not, and is not, being named as a Defendant in this Complaint.

## B.
## JURISDICTION AND VENUE

5. This Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between the named Plaintiff and named Defendant and the amount in controversy greatly exceeds $75,000.00, exclusive of interests and costs. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). Without limitation and subject to amendment, Plaintiff's loss is greater than $876,337.65.

6. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this Judicial District. Namely, the incident giving rise to this lawsuit occurred at the Kroger store located at 1804 N Velasco in Angleton, Brazoria County, Texas.

7. This Court has personal jurisdiction over Defendant because Texas Rendezvous, LP is licensed to do business in Texas and, in fact, was conducting business in the State of Texas at the time of the events giving rise to this lawsuit.

## C.
## AGENCY/ RESPONDEAT SUPERIOR

8. Whenever it is alleged in this Complaint that Defendant did any act or thing, it is meant that Defendant's servants, employees, parent agents, ostensible agents, agents by estoppel, and/or representatives did such act or thing, and at the time such act or thing was done it was done with Defendant's authorization or was done in the normal routine course of the agency of or employment with Defendant.

## D.
## FACTS

9. This lawsuit results from an incident that occurred on March 3, 2024, when there was a fire main break in the Kroger store located at 1804 N Velasco in Angleton, Brazoria County, Texas. When the break was discovered, Plaintiff's maintenance team were required to close the main water valve to stop the flow of water which was flooding the Kroger Store. However, Kroger personnel could not locate the water main and eventually learned that they were unable to do so because the property owner and landlord, Defendant Texas Rendezvous, LP's, agent, representative, and/or contractor had paved over the water main shut-off valve during the repaving of the back drive in late 2023. This delay resulted in the Kroger store sustaining extensive damage due to the flooding caused by the Defendant’s failure to exercise reasonable care when directing and controlling the paving project which resulted in the water main being hidden and inaccessible due to being paved over.

## E.
## COUNT ONE: NEGLIGENCE

10. Plaintiff restates, incorporates, and references paragraphs 1 – 9 as if fully stated in Section E.

11. At all relevant times, fire and life-safety standards governing the accessibility, maintenance, and operation of fire protection and water-supply infrastructure were established by the International Fire Code (“IFC”). Brazoria County, Texas has adopted and enforces the provisions of the International Fire Code,

including all appendices and incorporated standards, through the Brazoria County Fire Marshal's Office. Likewise, the City of Angleton, Texas has adopted and enforces the International Fire Code as part of its municipal fire-prevention and building-safety regulations.

12. Among other requirements, the IFC mandates that fire protection and water-supply systems be properly maintained and remain accessible. Specifically, IFC § 315and § 901.4 prohibit conditions that obstruct or interfere with emergency operations and utility access. IFC § 507 regulates the provision and continued availability of fire protection water supplies and associated appurtenances, including control valves.

13. Defendant's negligent acts and omissions, including paving over and rendering inaccessible the main water shut-off valve serving the subject property, violated these adopted International Fire Code provisions and proximately caused the damages complained of herein.

## F.
## COUNT TWO: NEGLIGENCE PER SE

14. Plaintiff restates, incorporates, and references paragraphs 1 – 13 as if fully stated in Section F.

15. The International Fire Code establishes the standard of care regarding the maintenance and accessibility of water mains. Defendant violated this standard of care and

violated the laws and requirements of Brazoria County, Texas and Angleton, Texas. This constitutes negligence per se on the part of Defendant.

## G.
## COUNT THREE: BREACH OF CONTRACT

16. Plaintiff re-alleges paragraphs 1 through 15 and incorporates them by reference herein.

17. Kroger executed a lease with the owner of the property in 1978. Over time, the lease was modified and amended. At the time of the flooding incident, the existing lease was between Kroger and the Defendant. The Defendant breached multiple provisions of this contract. For example, and without limiting the extensive provisions of the Lease Agreement breached by the Defendant, the Agreement specifically and expressly provides … "the entire Shopping Center, are [sic], or will be, well built, properly constructed, structurally safe and sound, and suitable and fit, and that during the term of this Lease, or any renewals hereof, it will so maintain them." Similarly, the agreement, which was breached by the Defendant, provides "Landlord agrees, at its own expense, to maintain all Common Area in good repair…" The Lease Agreement also expressly provides that the landlord shall maintain all paved areas.

18. As a direct and proximate result of the Defendant's failure to comply with its duties and obligations resulting in a breach of the Lease Agreement, Kroger sustained compensatory damages and has had to needlessly incur attorney fees to be made whole. Thus, Kroger seeks to recover for the losses it has sustained to include reasonable and necessary attorney fees.

## H.
## COUNT FOUR: FRAUDULENT MISREPRESENTION

19. Plaintiff restates, incorporates, and references paragraphs 1 – 18 as if fully stated in Section H.

20. Kroger mitigated its initial loss by expediently repairing the damage caused by Defendant's negligence and because of Defendant's breach of contract. Kroger also immediately reported the loss to Defendant's agent, Tarantino Properties. In response, Defendant Rendezvous' agent contacted the insurance carriers for the Defendant and requested Plaintiff Kroger's representatives to work with Defendant Rendezvous' insurance carriers to be reimbursed for a portion of plaintiff Kroger's loss. Relying on this representation, Plaintiff Kroger provided Rendezvous' insurance carrier representatives with access to Kroger's lease space, access to Kroger employees to discuss causation, and Kroger provided Rendezvous' carriers with Kroger's initial loss documentation in the amount of $244,899.56.

21. Despite representations by Defendant Rendezvous, through their agent, that Rendezvous' insurance carriers would reimburse Plaintiff Kroger for its loss, to date, Kroger has not been reimbursed. On the contrary, based on Plaintiff Kroger's damages, it is Plaintiff's understanding that Defendant Rendezvous received an indemnity payment from one of the Defendant's carriers for Kroger's initial loss. Specifically, based on information and belief, Defendant Rendezvous' carrier valued the loss at $244,899,56 and paid the full amount to Defendant Rendezvous' less Rendezvous' deductible of $100,000.).

22. Based on evidence provided by Defendant Rendezvous' insurance carriers, contrary to the representation made on behalf of Rendezvous, after availing its lease space to Rendezvous' insurance carriers and after providing the carriers with Kroger's damage documentation, Defendant Rendezvous pocketed the money received by Rendezvous' insurance carriers which was intended to reimburse Kroger for a portion of its loss. Although Kroger made repeated requests for the reimbursement of the portion of its loss, neither Defendant nor any of Defendant's agents have responded. Thus, this suit has become necessary.

23. Elements to maintain a fraud cause of action involve a false representation, making a material statement that was false, knowledge the statement was false or it was made recklessly with the intent to induce, reliance on the false information, and a financial loss.

24. False representation: Defendant's agent represented that Defendant's insurance carriers needed to meet with Kroger, conduct an inspection at the Kroger premises, and that Kroger needed to submit a claim to the carriers so that Kroger could obtain reimbursement for Kroger's loss due to the flooding.

25. Justifiable Reliance: Kroger relied on Defendant's agent's statements and made its' premises available for inspection, explained the loss to the carrier representatives, the carrier attorneys, and the carrier experts, and provided documentation in support of Kroger's claim.

26. Financial Loss: In reliance on Defendant's agent's representations, Kroger retained counsel and an expert to meet with Defendant's insurance carrier representatives, their counsel, and their experts. Despite the insurance carrier honoring Kroger's loss and agreeing to reimbursement of 100% of Kroger's damage, Defendant has failed to reimburse Kroger for Kroger's loss. Rather, Rendezvous apparently chose to pocket what should have been paid to Kroger for a portion of Kroger's loss.

27. As a result of Defendant's fraudulent behavior, Plaintiff has been forced to incur time, expenses, and attorney fees in attempting to obtain reimbursement for its loss.

28. Alternatively, and without waiving its claim for fraudulent misrepresentation, Defendant Rendezvous, through its agent, made negligent representations to Plaintiff Kroger. Specifically, as set forth in paragraphs 20 through 22 above, Defendant's agent made representations in the course of a business and pecuniary transaction, Defendant supplied false information for guidance, Defendant failed to exercise reasonable care or competence, Plaintiff Kroger justifiably relied on the representations, and the reliance has resulted in an on-going pecuniary loss to Plaintiff Kroger.

## **I.**
## **DAMAGES**

29. Plaintiff re-alleges paragraphs 1 through 28 and incorporates them by reference in Section I, herein.

30. As a proximate cause of Defendant's negligent conduct, fraudulent conduct and breach of contract, Plaintiff has suffered the following damages:

| | | |
|---|---|---|
| a. | Kroger employee wages paid for cleanup on 3/3/24 | $4,146.23 |
| b. | Immediate mitigation, plumbing, electric, security | $312,154.66 |
| c. | Fixtures and floors | $545,392.08 |
| d. | Loss of product | $13,995.17 |
| e. | Temporary sewage and water | $649.51 |
| f. | Attorney Fees | TBD |
| | PRELIMINARY TOTAL = | $876,337.65 |

31. Plaintiff seeks fair and reasonable compensation for its' damages together with pre-judgment and post-judgment interest at the maximum amount for the maximum period allowed by law.

**J.**
**REQUEST FOR JURY TRIAL**

32. Plaintiff, The Kroger Co., hereby asserts its rights under the 7th Amendment to the United States Constitution and demands, pursuant to Federal Rule of Civil Procedure 38, trial by jury on all issues.

**K.**
**PRAYER FOR RELIEF**

PREMISES CONSIDERED, Plaintiff requests that upon final trial of this cause, Plaintiff recover from Defendant:

- Actual damages within the jurisdictional limits of this Court.
- Exemplary damages.
- Pre-judgment and post-judgment interest at the maximum rate for the maximum period allowed by law.
- Costs of Court.
- Attorney's fees.
- all such other and further relief to which Plaintiff may show itself justly entitled.

Respectfully submitted,

**GERMER PLLC**

By: *__/s/ Troy A. Williams________*
TROY A. WILLIAMS
State Bar No. 00788678
Federal ID No. 19043
VALERIE LY
State Bar No. 24053692
Federal ID No. 2387134
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
Telephone: (713) 650-1313
Facsimile: (713) 739-7420
Email: twilliams@germer.com
Email: vly@germer.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been duly sent to all counsel of record through the Court's CM/ECF system and/or electronic transmission, on June 22nd, 2026.

*_/s/ Troy A. Williams______*
TROY A. WILLIAMS